UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Duane Michael Schoultz, ) | |
| ) | |
| Petitioner, ) | C/A No.: 8:13-cv-03140-GRA |
| ) | (Cr. No.: 8:07-cr-01472-GRA-1) |
| v. ) | |
| ) | |
| United States of America, ) | **ORDER** |
| ) | (Written Opinion) |
| Respondent. ) | |
| ) | |

This matter comes before the Court on Petitioner Duane Michael Schoultz's ("Petitioner's") motion pursuant to 28 U.S.C. § 2255, filed on November 7, 2013.[1] It appears that Petitioner has failed to file his petition within the applicable one-year limitation period. However, Petitioner is granted fifteen (15) days to demonstrate that his petition is timely filed.

## Standard of Review

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972).

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). A stamp from the Federal Prison in Edgefield, SC indicates that the petition was delivered there on November 7, 2013. ECF No. 122-2.

**Background**

On January 31, 2008, Petitioner pled guilty before this Court to both counts of a two-count indictment. ECF No. 33. Count One charged Petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). ECF No. 17. Count Two charged Petitioner with knowingly using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*

On April 9, 2008, this Court sentenced Petitioner to forty-one (41) months of imprisonment on Count One and 120 months of imprisonment on Count Two to run consecutive for a total term of 161 months imprisonment. ECF Nos. 71 & 78. Petitioner appealed this final judgment, ECF No. 89, but the sentence was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit, ECF No. 117.

**Discussion**

Petitioner filed the present petition on November 7, 2013, challenging his conviction and sentence on Counts One and Two in light of the United States Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). ECF No. 122-1. However, Petitioner's § 2255 petition appears to be untimely.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. This limitations period may be raised *sua sponte* by the Court. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As a preliminary matter, Petitioner appears to have filed his § 2255 petition outside of the time period stated in § 2255(f)(1). The limitations period began to run on Petitioner's § 2255 petition after his judgment of conviction became final. "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme Court of the United States] on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 532 (2003). Defendants have ninety (90) days after the entry of judgment by the court of appeals to seek certiorari from the Supreme Court. Sup. Ct. R. 13. At the end of this period, the judgment of conviction becomes final.

In this case, the Fourth Circuit issued its judgment on August 12, 2009. ECF No. 117. Therefore, Petitioner's conviction became final ninety (90) days later on November 10, 2009. Thus, the one-year period of limitations to file a motion pursuant to § 2255(f)(1) expired on November 10, 2010. The current motion was filed by Petitioner on November 7, 2013. Therefore, the motion clearly appears untimely on its face under § 2255(f)(1).

Recognizing this, Petitioner has sought to file his motion under § 2255(f)(3) claiming that he is asserting a right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner cites to *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013), which held that under the Sixth Amendment, "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 2155. Petitioner claims that *Alleyne* announced a new rule of constitutional law and should be applied retroactively to cases on collateral review, thus making his current § 2255 petition timely under § 2255(f)(3). ECF No. 122-1.

While *Alleyne* did recognize a new right, there is no evidence that *Alleyne*'s holding will apply retroactively. First, the *Alleyne* Court did not declare that its holding would apply retroactively to cases on collateral review. *See Smith v. Fed. Bureau of Prisons*, C/A No. 9:13-384-RMG, 2013 WL 3833050, at *4 n.2 (D.S.C. July 23, 2013) ("*Alleyne* was not made retroactive to cases on collateral review."). Additionally, while "§ 2255(f)(3) does not require that the initial retroactivity question be decided in

the affirmative *only* by the Supreme Court," *United States v. Thomas*, 627 F.3d 534, 536 (4th Cir. 2010), no lower court has held that the *Alleyne* ruling applies retroactively. *See, e.g.*, *Willoughby v. United States*, Nos. 3:13-cv-493-FDW & 3:99-cr-24-FDW-6, 2013 WL 5220774, at *2 (W.D.N.C. Sept. 17, 2013) (stating that "courts that have considered the retroactive nature of *Alleyne* have concluded that it is not"); *Mingo v. United States*, No. 1:13-CV-787, 2013 WL 4499249, at *3 (W.D. Mich. Aug. 19, 2013) (concluding that "§ 2255(f)(3) does not apply . . . because *Alleyne* is not retroactive"); *United States v. Reyes*, Civil Action No. 11-6234, 2013 WL 4042508, at *19 (E.D. Pa. Aug. 8, 2013) (concluding that "*Alleyne* does not apply retroactively to cases on collateral review").

Furthermore, the Seventh Circuit Court of Appeals has held that because *Alleyne* is an extension of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which does not apply retroactively, the *Alleyne* Court's decision will likewise not apply retroactively. *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013). In fact, in reaching their decision, the Seventh Circuit relied on the Supreme Court's decision in *Schriro v. Summerlin*, 542 U.S. 348 (2004), which held that another rule stemming from *Apprendi* would not apply retroactively on collateral review. *Simpson*, 721 F.3d at 876. Moreover, the Fourth Circuit has held that *Apprendi* itself does not apply retroactively on collateral review. *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001).

Nonetheless, Petitioner argues that *Alleyne* caused a "change in substantive law" and therefore should apply retroactively on collateral review because "*Alleyne*

Page 5 of 9

set out new interpretation of what was a single offense under § 924(c)(1)(A)." ECF No. 122-1. "[W]hen a decision of [the Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review," but only applies "to convictions that are already final . . . in limited circumstances." *Schriro*, 542 U.S. at 351. Whether a new rule applies retroactively to cases on collateral review depends on whether it is a substantive rule or a procedural rule. *United States v. Venancio-Dominguez*, 660 F. Supp. 2d 717, 721 (E.D. Va. 2009). New substantive rules will generally apply retroactively, while new procedural rules will not. *Id.* However, the *Alleyne* rule—requiring facts which increase the mandatory minimum sentence to be treated as elements that must be submitted to the jury and found beyond a reasonable doubt—is a procedural rule rather than a substantive rule. *See Sanders*, 247 F.3d at 147 (classifying the *Apprendi* rule, requiring facts which increase the statutory maximum to be treated as elements that "must be found by a jury beyond a reasonable doubt", as procedural since "it dictates what fact-finding procedure must be employed to ensure a fair trial.").

The Supreme Court in *Teague v. Lane*, 489 U.S. 288 (1989), established a three-part analysis to determine when new procedural rules should apply retroactively on collateral review. *Id.* at 310; *see Sanders*, 247 F.3d at 146. The first step is to determine whether the defendant's conviction was finalized as of the date the purportedly "new rule" was announced. *Teague*, 489 U.S. at 310; *Sanders*, 247 F.3d at 146. The second step is to determine whether the Supreme Court's ruling did in fact create a "new rule" of constitutional criminal procedure. *Teague*, 489 U.S. at

310; *Sanders*, 247 F.3d at 146.  The final step requires a determination of whether that new rule falls into one of two very narrow exceptions providing for retroactivity. *Teague*, 489 U.S. at 310–11; *Sanders*, 247 F.3d at 146–47.

The first step is not at issue in the present case as Petitioner's conviction was finalized on November 10, 2009, well before the *Alleyne* decision.  Addressing the second step, the *Teague* Court explained that a rule is considered a "new rule" when "it breaks new ground or imposes a new obligation," or "[t]o put it differently, . . . the result was not dictated by precedent existing at the time the defendant's conviction became final."  *Teague*, 489 U.S. at 301.  Under the standard set forth in *Teague*, it appears that *Alleyne* did in fact establish a new rule.  This result is supported by other courts which have addressed *Alleyne*.  *See, e.g., Simpson*, 721 F.3d at 876 ("*Alleyne* establishes a new rule of constitutional law.").

Although emphasizing that cases on collateral review do not normally receive the benefit of new rules, the *Teague* Court identified two limited exceptions where new rules may apply retroactively.  *Teague*, 489 U.S. at 310–11.  The first exception is for new rules that place "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe."  *Id.* at 311 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971)).  *Alleyne* does not fall under this exception.

The second exception is for "those procedures that . . . are implicit in the concept of ordered liberty."  *Id.* at 311 (internal quotation marks omitted) (quoting *Mackey*, 401 U.S. at 693).  The Supreme Court in *Schriro*, explaining the second

*Teague* exception, stated that "[n]ew rules of procedure . . . do not apply retroactively" because they "merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise;" therefore, retroactive effect is given to "only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 542 U.S. at 352 (internal quotation marks omitted) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

The United States Court of Appeals for the Fourth Circuit recognizes that "retroactive application of new constitutional rules on collateral review is reserved only for truly exceptional cases." *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001) (holding that *Apprendi* does not apply retroactively on collateral review as it "does not rise to the level of a watershed rule of criminal procedure"). As *Alleyne* is an extension of *Apprendi*, and in light of Fourth Circuit precedent, this Court is not persuaded that the Supreme Court's decision in *Alleyne* is a watershed case that will apply retroactively to cases on collateral review. Other district courts that have addressed this issue have reached the same conclusion. *See, e.g.*, *Mingo*, 2013 WL 4499249, at *2 ("The holding in *Alleyne* does not qualify as a new 'watershed rule.'"); *Reyes*, 2013 WL 4042508, at *19 (concluding that "the rule announced in *Alleyne* does not satisfy *Teague*'s second exception to non-retroactivity"). Therefore, Petitioner does not appear to meet the requirements of § 2255(f)(3), and his § 2255 petition appears to be untimely.

In light of *Hill v. Braxton*, Petitioner is hereby notified that his § 2255 petition will be dismissed as untimely unless he demonstrates to the Court "that the petition was filed within the proper time period." 277 F.3d 701, 708 (4th Cir. 2002). The Petitioner is given fifteen (15) days from the entry of this Order to respond.

**IT IS THEREFORE ORDERED** that Petitioner has fifteen (15) days to show that his petition was timely filed; otherwise, his petition will be dismissed as being untimely.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December  12 , 2013
Anderson, South Carolina