UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Duane Michael Schoultz, ) | |
| ) | Cr. No.: 8:07-cr-01472-GRA-1 |
| Petitioner, ) | C/A No.: 8:13-cv-03140-GRA |
| ) | |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter comes before the Court on Duane Michael Schoultz's ("Petitioner") *pro se* Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(4). For the reasons stated below, this motion is GRANTED.

## Background

On January 31, 2008, Petitioner pled guilty before this Court to both counts of a two-count indictment. ECF No. 33. Count One charged Petitioner with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). ECF No. 17. Count Two charged Petitioner with knowingly using and carrying a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*

On April 9, 2008, this Court sentenced Petitioner to forty-one (41) months of imprisonment on Count One and 120 months of imprisonment on Count Two, to run consecutive, for a total term of 161 months imprisonment. ECF Nos. 71 & 78. Petitioner appealed this final judgment, ECF No. 89, but the sentence was affirmed on appeal by the United States Court of Appeals for the Fourth Circuit, ECF No. 117. Petitioner filed a motion under 28 U.S.C. § 2255 on November 7, 2013. ECF No. 122. On December 12, 2013, this Court granted Petitioner fifteen (15) days to show

that his § 2255 Motion was timely filed. ECF No. 123. On December 20, 2013, Petitioner requested an additional forty-five (45) days to demonstrate that his petition under § 2255 was timely filed. ECF No. 125. This Court denied Petitioner's Motion for an Extension of Time on December 27, 2013. ECF No. 126. Petitioner filed a Notice of Voluntary Dismissal of case number 8:13-cv-03140 on January 2, 2014, and the Clerk of Court docketed it on January 6, 2014. ECF No. 131. The Court then denied Petitioner's § 2255 Motion as untimely on January 6, 2014. ECF No. 128. Petitioner filed his current Motion on February 24, 2015. ECF No. 132. The Court is now ready to rule on Petitioner's Motion for Relief from Judgment.

## Analysis

Petitioner brings this motion *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Cruz v. Beto*, 405 U.S. 319 (1972). However, a court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Petitioner's Motion "requests LEAVE of this Honorable Court to Vacate, Withdraw, or Strike its Order and Judgment entered on January 6, 2014 denying Section 2255 Relief in this case as untimely" via Federal Rule of Civil Procedure

60(b)(4). ECF No. 132 at 1. Rule 60(b) of the Federal Rules of Civil Procedure "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 101–02 (4th Cir. 1979) (internal quotation marks omitted). Petitioner specifically cites to Fed. R. Civ. P. 60(b)(4).[1] ECF No. 132. Fed. R. Civ. P. 60(b)(4) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." A party moving for relief under any portion of Rule 60(b) "'must clearly establish the grounds therefore to the satisfaction of the district court,' . . . and such grounds 'must be clearly substantiated by adequate proof.'" *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) (internal citations omitted). Relief under Rule 60(b) is an extraordinary remedy requiring a showing of "extraordinary circumstances." *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000). After reviewing Petitioner's arguments, the Court finds that he is entitled to this remedy.

A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). A stamp from the federal prison in Edgefield, SC indicates that the Petitioner's Notice of Voluntary Dismissal was delivered there on January 2, 2014. ECF No. 131-1. The Notice of Voluntary Dismissal was filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). ECF No. 131. Fed. R. Civ. P. 41(a)(1)(A)(i) states "the plaintiff may dismiss an action without a court order by filing: (i) a notice of

---

[1] "Motions attacking a judgment as void under Rule 60(b)(4) have no time limit." *Jackson v. United States*, 245 F. App'x 258, 260 (4th Cir. 2007).

dismissal before the opposing party serves either an answer or a motion for summary judgment." Further, "[a] voluntary dismissal under Rule 41(a)(1)(i) is available as a matter of unconditional right and is self-executing, i.e., it is effective at the moment the notice is filed with the clerk and no judicial approval is required." *In re Matthews*, 395 F.3d 477, 480 (4th Cir. 2005) (internal quotation marks omitted). Moreover, "after an action is voluntarily dismissed, the court lacks authority to conduct further proceedings on the merits." *Id*. "[A] judgment on the merits that is entered after the plaintiff has filed a proper 41(a)(1) notice of dismissal is indeed void." *Jackson*, 245 F. App'x at 259 (quoting *Marques v. Federal Reserve Bank*, 286 F.3d 1014, 1018 (7th Cir. 2002)).

Thus, the Court's January 6, 2014 Order denying Petitioner's § 2255 Motion was void because Petitioner's January 2, 2014 Notice of Voluntary Dismissal under Rule 41(a)(1)(i) effectively terminated the case and divested this Court of authority to rule on the Petition.

### Conclusion

The Court GRANTS the Rule 60(b)(4) motion and VACATES its January 6, 2014, order. Petitioner's original § 2255 motion is DISMISSED WITHOUT PREJUDICE as a result of his Rule 41(a)(1)(i) motion seeking a voluntary dismissal.[2]

**IT IS SO ORDERED.**

---

[2] As a result, Petitioner will not need authorization from the Fourth Circuit Court of Appeals to file a § 2255 motion. *Jackson*, 245 F. App'x at 260. However, this decision will have no effect on whether any future § 2255 motion filed by Petitioner will be timely.

*[Signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

March  9 , 2015
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within sixty (60) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**